```
 1

 2              IN THE UNITED STATES DISTRICT COURT FOR THE
                        WESTERN DISTRICT OF MISSOURI
 3                          SOUTHERN DIVISION

 4  UNITED STATES OF AMERICA,     ) Case No. 14-05026-01-CR-S-BP
                                  )
 5            Plaintiff,          ) Springfield, Missouri
                                  ) December 19, 2014
 6  v.                            )
                                  )
 7  DYLAN WADE GARCIA,            )
                                  )
 8            Defendant.          )
    _____)
 9
                   TRANSCRIPT OF HEARING ON CHANGE OF PLEA
10                 BEFORE THE HONORABLE DAVID P. RUSH
                       UNITED STATES MAGISTRATE JUDGE
11
    APPEARANCES:
12
    For the Plaintiff:            Ami H.P. Miller, Esq.
13                                Assistant United States Attorney
                                  901 St. Louis St., Ste. 500
14                                Springfield, MO  65806
                                  (417) 831-4406
15
    For the Defendant:            David R. Mercer, Esq.
16                                Federal Public Defender's Off.
                                  901 St. Louis St., Ste. 801
17                                Springfield, MO  65806
                                  (417) 873-9022
18
    Court Audio Operator:         Ms. Kerry Schroeppel
19
    Transcribed by:               Rapid Transcript
20                                Lissa C. Whittaker
                                  1001 West 65th Street
21                                Kansas City, MO  64113
                                  (816) 914-3613
22

23

24
    Proceedings recorded by electronic sound recording, transcript
25  produced by transcription service.
```

(Court in Session at 2:20 p.m.)

THE COURT: Calling in *United States vs. Dylan Wade Garcia*. The defendant is present in the courtroom along with his attorney, Mr. David Mercer. The United States is represented in this matter by Assistant United States Attorney, Ms. Ami Miller. This matter is set this afternoon for a change of plea to Count One of the Indictment which was returned on July 23rd, 2014. Mr. Garcia, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you signed this consent, you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the United States establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify, that would not be held against you as that is your right. If, after understanding the charge against you, the range of punishment, if convicted, and your right to appear before a District Judge, if you wish, you may

1  waive that right and proceed this afternoon before the Magistrate
2  Judge.  As I indicated, you have signed such a consent.  Do you
3  understand, Mr. Garcia, that you have a right to appear before a
4  United States District Judge, a judge of higher jurisdiction, for
5  these proceedings?
6      MR. GARCIA:  Yes, Your Honor.
7      THE COURT:  And is it your desire to give up that right
8  and proceed this afternoon before the Magistrate Judge?
9      MR. GARCIA:  Yes, sir.
10     THE COURT:  Mr. Garcia, do you understand the charge
11 against you in Count One of the Indictment in this case?
12     MR. GARCIA:  Yes, Your Honor.
13     THE COURT:  And do you understand that if convicted of
14 the charge in Count One that the minimum penalty the court may
15 impose is not less than ten years imprisonment, while the maximum
16 penalty the court may impose is not more than life imprisonment,
17 not more than a $250,000 fine, not less than a five-year term of
18 supervised release or up to a life term of supervised release and
19 a $100 mandatory special assessment?
20     MR. GARCIA:  Yes, Your Honor.
21     THE COURT:  And to the charge in Count One, how do you
22 wish to plead, guilty or not guilty?
23     MR. GARCIA:  Guilty, Your Honor.
24     THE COURT:  Would you please raise your right hand?
25             DYLAN WADE GARCIA, DEFENDANT, SWORN

1  THE COURT: Has anyone made any threat of any kind to
2 force you to plead guilty or give up any of the other rights that
3 we've discussed this afternoon?
4  MR. GARCIA: No, Your Honor.
5  THE COURT: Now, you've signed a Plea Agreement. Have
6 you read that and gone over it with Mr. Mercer?
7  MR. GARCIA: Yes, sir.
8  THE COURT: And do you understand what's in it?
9  MR. GARCIA: Yes, sir.
10  THE COURT: Other than what is contained in the Plea
11 Agreement, has anyone made any promise of any kind to induce you
12 or overcome your will to get you to plead guilty or give up any
13 of the other rights we've discussed?
14  MR. GARCIA: No, sir.
15  THE COURT: Now, I mentioned to you that there was a
16 supervised release term of not less than five years and up to a
17 life that could be imposed in your case. Do you understand that
18 if that term were imposed and then revoked for any reason, that
19 you could be required to serve an additional term of imprisonment
20 of not more than five years, unless the provisions of 18 U.S.C.
21 Section 3583(k) supersedes Section 3583(e)(3), in which case the
22 court must impose a sentence of not less than five years. And if
23 that happened in either scenario, you would receive no credit for
24 any other time you had spent either in custody or on release.
25  MR. GARCIA: Yes, Your Honor.

1  THE COURT: And do you understand that the court could
2 impose an additional term of supervised release which is governed
3 by the maximum of the statute, minus any time you had spent in
4 custody as a result of a violation?
5  MR. GARCIA: Yes, sir.
6  THE COURT: Do you understand, Mr. Garcia, that from a
7 sentence imposed in your case that there is no parole?
8  MR. GARCIA: Yes, sir.
9  THE COURT: Do you understand that there are Sentencing
10 Guidelines to which the court would refer in an advisory capacity
11 when attempting to fashion a reasonable sentence in your case?
12  MR. GARCIA: Yes, Your Honor.
13  THE COURT: Now, there are guideline calculations in
14 your Plea Agreement. I believe they're set forth specifically in
15 Paragraph 10. Have you discussed the guidelines with Mr. Mercer?
16  MR. GARCIA: Yes, Your Honor.
17  THE COURT: And do you understand them?
18  MR. GARCIA: Yes, sir.
19  THE COURT: Do you understand that the final decision as
20 to how the guidelines are calculated and ultimately what sentence
21 will be imposed rests with the District Judge?
22  MR. GARCIA: Yes, sir.
23  THE COURT: If the District Judge would calculate the
24 guidelines differently from what is in the Plea Agreement, from
25 what you've discussed with your attorney, that fact would not

1  give you the right to withdraw or change your plea of guilty.  Do
2  you understand that?
3         MR. GARCIA:  Yes, sir.
4         THE COURT:  Once the judge establishes the guideline
5  range, in some circumstances, you could be sentenced above that
6  range and, in other circumstances, below that range.  And again,
7  the judge's decision, if you disagreed, would not give you the
8  right to withdraw your plea of guilty.  Do you understand that?
9         MR. GARCIA:  Yes, sir.
10        THE COURT:  Now, Mr. Garcia, you have a right to a trial
11 by jury with all the protections that I explained to you at the
12 beginning of these proceedings.  Do you understand your right to
13 a trial by jury?
14        MR. GARCIA:  Yes, sir.
15        THE COURT:  And do you understand that if the court
16 accepts your plea of guilty that there won't be a trial?
17        MR. GARCIA:  Yes, sir.
18        THE COURT:  I'm going to ask you about the offense
19 charged in the Indictment, in Count One of the Indictment.  I
20 would remind you that you are under oath.  You must answer
21 truthfully.  Any false answers could result in charges of false
22 swearing or perjury.  You always have the right to remain silent.
23 And I want to refer you to your Plea Bargain Agreement,
24 specifically on page 2, Section 3 or Paragraph 3 which is
25 entitled in bold, **Factual Basis for Guilty Plea**.  That continues

1  throughout the entirety of page 3 and then just briefly onto a
2  portion of page 4.  Mr. Garcia, have you read Section 3 and gone
3  over it with Mr. Mercer?
4        MR. GARCIA:  Yes, sir.
5        THE COURT:  And are the statements contained in Section
6  3 true?
7        MR. GARCIA:  Yes, sir.
8        THE COURT:  Mr. Mercer, you've had access to the
9  Government's discovery file in this case, have you not?
10       MR. MERCER:  I have, Your Honor.
11       THE COURT:  And based upon your review, are you
12 satisfied if put to proof that the Government could make a
13 submissible case on all of the elements as to Count One as set
14 out in Section 3 of the Plea Agreement?
15       MR. MERCER:  Yes.
16       THE COURT:  There is an adequate factual basis for the
17 plea of guilty to Count One.  I find that the plea is voluntary
18 and did not result from force, threats or promises other than
19 those in the Plea Agreement.  Now, Mr. Garcia, you are
20 represented in this case by Mr. Mercer.  Have you had enough time
21 to talk with him about your case?
22       MR. GARCIA:  Yes, Your Honor.
23       THE COURT:  And are you satisfied with the advice that
24 he's given you?
25       MR. GARCIA:  Yes, sir.

1     THE COURT:  The law requires me to ask you if this
2 afternoon you are on any medication prescribed by a physician or
3 any drugs or alcohol of any kind which would affect your ability
4 to understand these proceedings?
5     MR. GARCIA:  No, Your Honor.
6     THE COURT:  Now, Mr. Garcia, the Plea Bargain Agreement
7 that you've signed also has what we refer to as an appeal waiver,
8 and it is set forth in Paragraph 15 of your Plea Bargain
9 Agreement on pages 11 and 12.  And it provides that you
10 acknowledge, understand and agree that by pleading guilty
11 pursuant to the Plea Agreement, that you waive your right to
12 appeal now or collaterally attack later a finding of guilt
13 following the acceptance of the Plea Agreement, except on grounds
14 of ineffective assistance of counsel or prosecutorial misconduct.
15 That you expressly waive your right to appeal your sentence,
16 directly now or collaterally later, on any ground except claims
17 of ineffective assistance of counsel, prosecutorial misconduct or
18 an illegal sentence.  An illegal sentence includes a sentence
19 imposed in excess of the statutory maximum, but does not include
20 less serious sentencing errors such as a misapplication of the
21 Sentencing Guidelines, an abuse of discretion or the imposition
22 of an unreasonable sentence.  However, if the Government
23 exercised its right to appeal, you would be released from the
24 appeal waiver and could appeal as allowed by law.  Do you
25 understand, Mr. Garcia, that by signing this Plea Agreement that

1 you've given up those rights to appeal?

2 MR. GARCIA: Yes, Your Honor.

3 THE COURT: Understanding that and the other matters
4 that we've discussed this afternoon is it your desire for the
5 Court to accept the plea of guilty?

6 MR. GARCIA: Yes, sir.

7 THE COURT: Ms. Miller, on behalf of the United States,
8 do you have any other record under Rule 11 that you think I need
9 to make?

10 MS. MILLER: No, Your Honor.

11 THE COURT: Mr. Mercer, on behalf of the defendant, do
12 you have any other record under Rule 11 that you think I need to
13 make?

14 MR. MERCER: No, Your Honor.

15 THE COURT: I will recommend the plea of guilty be
16 accepted and I will order a Presentence Investigation to be
17 conducted by the Probation Office. With that we'll be in recess.
18 Thank you.

19 (Court Adjourned at 2:29 p.m.)

10

    I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.


    /s/ Lissa C. Whittaker          December 23, 2014
    Signature of transcriber             Date